IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23-cv-01418-NYW-MDB

STEPHEN WILLIAMS,

Plaintiff,

v.

DEWEY SIMPSON,

Defendant.

---

## ORDER

---

This matter is before the Court on Defendant Dewey Simpson's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (["Motion"], Doc. No. 97.) Plaintiff has responded, and Defendant has replied. (["Response"], Doc. No. 105; ["Reply"], Doc. No. 108.) After reviewing the Motion, briefing, and relevant law, the Court holds the Motion in abeyance, and **ORDERS** Plaintiff to secure legal representation within forty-five (45) days of this Order. If Plaintiff does not comply with this Order, the Court will recommend dismissal.

### *PRO SE* SUMMARY

You have not established subject matter jurisdiction. However, the jurisdictional defect can be cured by securing legal representation. Thus, the Court orders you to obtain legal representation within 45 days of this Order. If you do not secure legal representation within that time, the Court will recommend dismissal. This is only a high-level summary of the Court's Order. The full decision is set forth below.

## BACKGROUND

Plaintiff brings this action *pro se*, alleging that Defendant committed fraud and related torts concerning the sale of real property once owned by the decedent (Plaintiff's brother) Christopher Williams. (*See generally* ["Amended Complaint"], Doc. No. 7.) Plaintiff purports to bring these claims on behalf of the decedent's estate. In support, Plaintiff submitted a Letter of Administration issued by the El Paso County District Court on December 17, 2021, identifying Plaintiff as the personal representative of the estate. (*See* ["Letter of Administration"], Doc. No. 7-8 at 2.)

The matter proceeded for some time with both Plaintiff and Defendant litigating *pro se*. Eventually—and based on indications that Defendant was having significant difficulty with basic litigation tasks—the Court appointed Defendant *pro bono* counsel. (*See* Doc. No. 78.) Sometime after entering his appearance, *pro bono* counsel—on behalf of Defendant—raised subject matter jurisdiction concerns. (*See* Doc. No. 92.) The Court requested briefing, (Doc. No. 95), and the instant Motion was filed.

According to the Complaint and attached exhibits, Christopher Williams passed away intestate in mid-2021 with no surviving spouse, children, or parents. (*See* Doc. No. 7-8 at 6-7.) The decedent's sister, Melissa Simpson, predeceased him, but her two children—Eric and Justin Simpson—survive her. (*See* Doc. No. 7 at ¶ 9; Doc. No. 92 at 5.) Plaintiff is the decedent's surviving brother. Plaintiff contends he is the sole heir, relying on statements made by hospital and government officials in the aftermath of Christopher's death. (Doc. No. 105 at 2-3.)

Defendant argues that Plaintiff lacks standing to proceed *pro se* on the estate's behalf because, under Colorado intestacy law, Plaintiff shares the estate with Eric and Justin Simpson.

(Doc. No. 97 at 2-3.) Defendant further asserts that the estate has multiple beneficiaries and, as such, Plaintiff may not represent the estate without counsel. (*Id*. at 3-5.) Defendant relies on probate filings and the record in a related state court action in which Plaintiff's *pro se* pleadings were struck for lack of authority to represent the estate. (Doc. No. 97-6 at 2.)

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Such dismissal is not a judgment on the merits of a plaintiff's case; rather, it is a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the complaint's allegations. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted).

A party asserting federal jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a defendant makes a factual challenge to jurisdiction, the court may look beyond the pleadings to resolve the jurisdictional question. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

### II. *Pro Se* Litigants

In applying the above principles, the Court is mindful that Plaintiff proceeds *pro se* and thus affords his filings a liberal construction. *Smith v. United States*, 921 F.3d 1268, 1273 (10th Cir. 2019). However, the Court cannot and does not act as his advocate. *United States v. Griffith*,

3

928 F.3d 855, 864 n.1 (10th Cir. 2019). The same procedural rules and substantive law apply to *pro se* litigants as to parties represented by counsel. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.   Plaintiff Lacks Standing to Represent the Estate *Pro Se*

A non-attorney may appear in federal court, *pro se*, to represent their own interests. *See* 28 U.S.C. § 1654. But a *pro se* litigant may not assert the legal interests of others. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). This prohibition applies to estate representatives when the estate has more than one beneficiary or creditor. *Id.; see also Draughon v. United States,* 103 F. Supp. 3d 1266, 1284 (D. Kan. 2015) ("A non-attorney administrator may not proceed *pro se* when there are other beneficiaries of the estate.").

Here, the estate appears to have more than one beneficiary. Colorado's intestacy statute provides that if a decedent dies without a surviving spouse, descendants, or parents, then the estate passes "to the descendants of the decedent's parents or either of them per capita at each generation." Colo. Rev. Stat. § 15-11-103(4). This includes siblings of the decedent and the children of predeceased siblings. *See id.; see also* 1 Wade/Parks: Colorado Law of Wills, Trusts, and Fiduciary Administration §§ 32–33.

The record reflects that decedent's sister, Melissa Simpson, predeceased him and was survived by two children—Eric and Justin Simpson. (Doc. No. 97 at 2; Doc. No. 97-6 at 2.) Under Colorado law, Melissa Simpson's share of the estate would pass equally to her children. Accordingly, it appears Plaintiff, Eric, and Justin may all be beneficiaries of the subject estate.

4

*See* Colo. Rev. Stat. § 15-11-103(4). And while the Court does not necessarily make that determination here, it notes that Plaintiff (who bears the burden of establishing subject matter jurisdiction) has not offered sufficient evidence to establish he is the sole beneficiary.[1]

Because Plaintiff's *pro se* representation appears to impermissibly affect the legal rights of others, and because Plaintiff has not offered sufficient evidence to the contrary, or otherwise established he has standing to proceed, this matter should be dismissed for lack of subject matter jurisdiction. *See Fymbo*, 213 F.3d at 1321; *see also Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("Because *pro se* means to appear for one's self, . . . a person may not appear on another person's behalf in the other's cause[.]") (cleaned up); *Allen v. Wright*, 468 U.S. 737, 751 (1984); Fed. R. Civ. P. 12(h)(3). However, for the reasons set forth below, the Court will not recommend dismissal at this time.

## II.     The Jurisdictional Defect May Be Cured Through Appointment of Counsel

At least one court has afforded a *pro se* party time to cure a jurisdictional defect prior to dismissal. *See, e.g., Green v. United States Dep't of Def.*, 2023 WL 11983885, at *3 (E.D. Va. Mar. 24, 2023). And though the Eighth Circuit takes a stricter approach, *see Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005), the Court has not found any binding authority that precludes it from taking the approach in *Green*.

---

[1] Plaintiff relies on the Letter of Administration, (Doc. No. 7-8 at 2), but that merely demonstrates he is a personal representative, not the sole beneficiary. Plaintiff also points to various communications from hospitals and government agencies treating him as "next of kin." (Doc. No. 105 at 2-4.) But such nonjudicial statements do not override Colorado's statutory scheme or establish exclusive heirship. Moreover, the record in a related state court action reflects that Plaintiff's *pro se* pleadings were struck for lack of authority to represent the estate. (Doc. No. 97-6 at 2.)

Here, the Court finds it appropriate to afford Plaintiff an opportunity to secure legal representation and cure the defect. Accordingly, the Court holds the Motion in abeyance for forty-five (45) days, giving him time to secure counsel and cure the jurisdictional defect. If Plaintiff does not secure legal representation and cure the defect within that time, the Court will recommend dismissal.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff secure legal representation within forty-five (45) days of this Order. The Motion (Doc. No. 97) is held in abeyance until then.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Stephen Williams
3472 Research Parkway
#104
Colorado Springs, CO 80920

Dated this 21st day of April, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge