**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-01418-NYW-MDB

STEPHEN WILLIAMS,

    Plaintiff/Counterclaim Defendant,

v.

DEWEY SIMPSON,

    Defendant/Counterclaim Plaintiff.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell issued on August 13, 2025. [Doc. 115]. Judge Dominguez Braswell recommends that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"), [Doc. 97], be granted. *See* [Doc. 115 at 1].

Pro se Plaintiff Stephen Williams ("Plaintiff") filed this case in his capacity as the administrator of the estate of his brother, Christopher Williams. *See* [Doc. 7 at 1]. Plaintiff alleges that Defendant Dewey Simpson ("Defendant") devised a fraudulent scheme to sell Christopher Williams's home while Christopher Williams was ill, [*id.* at 4–5], and he seeks a writ of attachment on the property, [*id.* at 19–20], as well as monetary damages, [*id.* at 19]. Plaintiff asserts claims for fraud, negligent misrepresentation, civil theft, a violation of the Uniform Power of Attorney Act, and a claim seeking punitive damages. [*Id.* at 4–19]. Defendant originally represented himself in this case, but pro bono counsel

entered an appearance on Defendant's behalf on December 4, 2024. [Doc. 85; Doc. 88]. On January 28, 2025, Defendant filed an Amended Answer and Counterclaim asserting an unjust enrichment counterclaim "in the event that Defendant is ruled not to have an interest in the Property or the proceeds of the sale of the Property." [Doc. 94 at 8–9]. Notably, the counterclaim pleads an amount in controversy of "approximately $20,000." [*Id.* at ¶ 107]. Then, on February 11, 2025, Defendant filed his Motion to Dismiss, arguing that Plaintiff "lacks standing to represent the Estate pro se because he is not the Estate's sole beneficiary." [Doc. 97 at 3].

On April 21, 2025, Judge Dominguez Braswell entered an order recognizing that because Plaintiff is not the sole beneficiary of Christopher Williams's estate, he cannot represent himself as the estate's administrator because he cannot assert the legal interests of others. [Doc. 111 at 4–5]. Accordingly, Judge Dominguez Braswell ordered Plaintiff to secure legal representation within 45 days. [*Id.* at 6]. Judge Dominguez Braswell specifically warned Plaintiff that if he failed to comply with her order, she would recommend dismissal of his claims. [*Id.*]. Plaintiff did not object to Judge Dominguez Braswell's order under Rule 72(a) and did not obtain counsel by Judge Dominguez Braswell's deadline. As a result, Judge Dominguez Braswell recommends that the Court grant the Motion to Dismiss; dismiss Plaintiff's claims without prejudice; and close this case. [Doc. 115 at 4].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id.* at 4–5]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 13, 2025. *See* [Doc. 115]. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  See *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation de novo.  Based on this review, the Court agrees that because Plaintiff has not shown that he is the sole beneficiary of the estate, he cannot represent the estate pro se.  And because Plaintiff has failed to comply with Judge Dominguez Braswell's clear order to obtain counsel, the Court concludes that dismissal of Plaintiff's claims is warranted under Rule 41 of the Federal Rules of Civil Procedure, which states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the plaintiff's claims may be dismissed.  See Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962))).[1]

---

[1] While Judge Dominguez Braswell invokes Rule 12(b)(1) and the lack of subject matter jurisdiction as the basis for dismissal, it appears that Plaintiff would have standing to pursue an action on behalf of the Estate of Christopher Williams as its personal representative.  *See* [Doc. 94 at ¶ 10].  Regardless of whether Plaintiff has standing as the personal representative of the Estate of Christopher Williams, as a non-lawyer, it is well-settled that he may not represent other beneficiaries.  *See Davis v. St. Anthony's Hosp.*, No. 24-cv-00131-LTB-SBP, 2025 WL 2382525, *3 (D. Colo. Jan. 10, 2025) (collecting cases).

3

With the dismissal of Plaintiff's claims, that leaves Defendant's single counterclaim, which seeks unjust enrichment damages "in the event that Defendant is ruled not have an interest in the Property or the proceeds of the sale of the Property." [Doc. 94 at 9]; see also [id. at ¶ 110 ("*If and to the extent Defendant is ruled not to have an interest in the Property or the proceeds of the sale of the Property*, it would be inequitable for Defendant not to be compensated for the payments he made as set forth herein." (emphasis added)); id. at ¶ 111 ("*In the event of such a ruling*, Defendant will be damaged as a result of Plaintiff's unjust enrichment in an amount to be demonstrated at trial." (emphasis added))]. Because Defendant's counterclaim necessarily depends on an unfavorable ruling against him on Plaintiff's claims, and because Plaintiff's claims have now been dismissed, Defendant's counterclaim is moot. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte."); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (a case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party"). Indeed, Defendant did not object to the Recommendation, which suggests to the Court that Defendant does not intend to proceed with his counterclaim if Plaintiff's affirmative claims are dismissed.

Moreover, even if the counterclaim is not moot, the Court declines to exercise supplemental jurisdiction over the counterclaim, which depends upon the success of now-dismissed claims. *See* 6 Wright & Miller's *Federal Practice & Procedure* § 1415 (3d ed. May 2025 update) (explaining that a compulsory counterclaim need not satisfy the amount in controversy requirement because compulsory counterclaims fall within a court's supplemental jurisdiction); *see also* 28 U.S.C. § 1367(c)(3) (a district court may

4

decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction); *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic*, 582 F.3d 1155, 1172 (10th Cir. 2009) (a district court has discretion in deciding whether to exercise supplemental jurisdiction and should consider "judicial economy, convenience, fairness, and comity" in exercising that discretion (quotation omitted)).  For these reasons, Defendant's counterclaim is respectfully **DISMISSED without prejudice**.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge [Doc. 115] is **ADOPTED as modified**;

(2) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 97] is **GRANTED**;

(3) Plaintiff's claims against Defendant are **DISMISSED without prejudice**;

(4) Defendant's counterclaim is **DISMISSED without prejudice**;

(5) Defendant is awarded costs under Rule 54 of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1; and

(6) The Clerk of Court is **DIRECTED** to terminate this case.

DATED:  September 26, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5